ORIGINAL

FILED

2010 NOV -3 P. 1:33

ADR

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.-SAN JOSE

E-Filing

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG BLISS, | Case No. CV10- 4975 HRL |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT |
| | ) AND ROSENTHAL FAIR DEBT |
| I.C. SYSTEM, INC., | ) COLLECTION PRACTICES ACT |
| | ) |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.    Plaintiff, Chang Bliss ("Plaintiff"), is a natural person residing in Santa Clara county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.    At all relevant times herein, Defendant, I.C. System, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.    On or about May, 2010, Plaintiff began receiving calls from Defendant regarding an alleged debt owed to Sprint.

7.     Plaintiff has repeatedly advised Defendant that she disputes the alleged debt.  Plaintiff does not believe she owes a debt for a Sprint account. Defendant has never advised Plaintiff that she had the right to dispute the debt in writing or that she had the right to request verification of the alleged debt.

8.     On or about June 30, 2010, at 2:10 p.m., Plaintiff told Defendant not to call her on Tuesdays, Thursdays, or Saturdays, as she receives dialysis on those days.  The dialysis is necessary for Plaintiff's health.

9.     Defendant ignored Plaintiff's request to stop calling during her dialysis on at least one occasion.  Specifically, on or about Thursday, July 1, 2010, at 9:31 a.m., Defendant again called Plaintiff, while she was receiving her dialysis.

10.    Further, Defendant called Plaintiff on at least one Sunday. Specifically, on or about Sunday, July 11, 2010, Defendant called Plaintiff at 3:09 p.m.

11.    Plaintiff hired counsel as a direct result of Defendant's repeated calls during her dialysis treatment, calls on Sunday, and failure to cease collecting on a debt she does not owe.

12.    Plaintiff's counsel sent two letters to Defendant in attempt to resolve Plaintiff's dispute with Defendant.  Defendant has yet to respond to either letter.

13.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, on days Plaintiff specifically asked Defendant not to because she was in dialysis and on Sundays (§1692c(a)(1));

b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, on days Plaintiff specifically asked Defendant not to because she was in dialysis and on Sundays  (§1692d(5));

c) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, attempting to collect on a Sprint account that Plaintiff does not owe (§1692e(2)(A));

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt,  including, but not limited to, on days Plaintiff specifically asked Defendant not to because she was in dialysis and on Sundays  (§1692f);

e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, on days Plaintiff specifically asked Defendant not to because she was in dialysis and on Sundays (Cal Civ Code §1788.11(d)); and

f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, on days Plaintiff specifically asked Defendant not to because she was in dialysis and on Sundays  (Cal Civ Code §1788.11(e)).

14.     As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

      B.    Actual damages;

      C.    Statutory damages;

      D.    Costs and reasonable attorney's fees; and,

      E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

16.    Plaintiff reincorporates by reference all of the preceding paragraphs.

17.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

      B.    Actual damages;

C.   Statutory damages for willful and negligent violations;

D.   Costs and reasonable attorney's fees,

E.   For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 1st day of November, 2010.

By:   _____

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff